UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIM CARL,

                       Plaintiff,

                                                                                              9:09-CV-0724
v.                                                                             (GTS/RFT)

ARTHUR DIRIE, Deputy Security Superintendent,
Greene Correctional Facility; PETER D. BEHRIC,
Superintendent, Greene Correctional Facility;
and TRUDELL, Sergeant, Greene Correctional
Facility,

                       Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

KIM CARL
  Plaintiff, *Pro Se*
101 Highland Avenue
Yonkers, New York 10705

HON. ANDREW M. CUOMO                         JAMES SEAMAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

     Currently before the Court in this *pro se* prisoner civil rights action filed by Kim Carl ("Plaintiff") are (1) Defendants' motion to dismiss (Dkt. No. 14), (2) United States Magistrate Judge Randolph F. Treece's Report-Recommendation, recommending that Defendants' motion be granted in part and denied in part (Dkt. No. 17), and (3) Plaintiff's objection to the Report-Recommendation (Dkt. No. 18). For the reasons that follow, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion is granted in part and denied in part.

I.      RELEVANT BACKGROUND

    A.      **Plaintiff's Complaint**

Plaintiff filed his Complaint on June 22, 2009.  (Dkt. No. 1.)  Construed with the utmost of liberality, Plaintiff's Complaint and exhibits thereto allege that, between April 4, 2009, and May 14, 2009, while he was incarcerated at Greene Correctional Facility in Coxsackie, New York, the above-captioned Defendants violated his following constitutional rights in the following manner: (1) Defendant Dirie retaliated against him, in violation of his First Amendment rights, by ordering Defendant Trudell to issue a false misbehavior report in response to Plaintiff's written letter to Diane VanBurden, an Assistant Commissioner of the New York State Department of Correctional Services ("DOCS"), complaining that Defendant Dirie's change in prison food policy was retaliatory in nature; (2) Defendant Gutwein denied him adequate due process, in violation of his Fourteenth Amendment rights, by holding only a partial disciplinary hearing, prejudging him as guilty, and convicting him without sufficient evidence; and (3) Defendants subjected him to inadequate prison conditions, harassed him, and/or issued him a false misbehavior report, in violation of his Eighth Amendment rights.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Plaintiff also asserts a supervisory liability claim against Defendant Behric for failing to address issues of alleged staff misconduct.  (*Id.*)

For a more complete recitation of Plaintiff's claims, and the factual allegations supporting them, the reader is referred to Plaintiff's Complaint in its entirety, and to Magistrate Judge Treece's Report-Recommendation.  (Dkt. Nos. 1, 17.)

    B.      **Defendants' Motion**

On September 24, 2009, Defendants filed a motion to dismiss, seeking dismissal of all of Plaintiff's claims.  (Dkt. No. 14.)  In support of their motion, Defendants argue as follows: (1) Plaintiff's Complaint should be dismissed because it fails to allege facts plausibly suggesting a

claim upon which relief can be granted; (2) Plaintiff's due process claim premised on an alleged false misbehavior report should be dismissed because Plaintiff was afforded all the process he was due, and was subsequently cleared of all charges; (3) Plaintiff's retaliation claim should be dismissed because Plaintiff was found guilty of possessing an internal memorandum and served an appropriate sentence; (4) Plaintiff has failed to allege facts plausibly suggesting a claim upon which relief can be granted under the Eighth Amendment; and (5) Plaintiff's supervisory liability claim should be dismissed based on lack of personal involvement. (*See generally* Dkt. No. 14.)

On October 22, 2009, Plaintiff filed his response in opposition to Defendants' motion to dismiss. (Dkt. No. 15.) In his response, Plaintiff argues as follows: (1) prison officials brought a false disciplinary charge against him because the memorandum he was alleged to be in unauthorized possession of was addressed to inmates and their families; (2) these false charges were brought in retaliation for having complained about Superintendent Dirie's directive authorizing a change in food packages for inmates brought by visitors to the facility; (3) during his transfer to another correctional facility, prison officials lost his legal documents and he did not have an opportunity to prepare for his hearing deposition; and (4) Plaintiff was convicted of the charges despite a lack of evidence or investigation. (Dkt. No. 15 at 11-14)

   **C.**  **Magistrate Judge Treece's Report-Recommendation**

On March 29, 2010, Magistrate Judge Treece issued a Report-Recommendation recommending that (1) Plaintiff's due process and Eighth Amendment claims be dismissed, and (2) Plaintiff's retaliation and supervisory liability claims survive Defendants' motion to dismiss. (Dkt. No. 17.) Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id.*)

### D. Plaintiff's Objections

On April 16, 2010, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 18.) In his Objections, Plaintiff argues, *inter alia*, as follows: (1) his due process claim should not be dismissed because his allegation that he was disciplined on the basis of false charges of unauthorized possession of a prison memorandum plausibly suggests a substantive due process claim; (2) Defendants actions violated Rule 8.1 of the DOCS Employee Manual, which states that disciplinary action "must never be arbitrary or capricious or administered for purposes of retaliation"; and (3) while he only received a 30 day confinement in SHU as a result of the false charges, he also lost good time credits as a result of the false charges, which effects his release date.[1] (Dkt. No. 18, at 4-6.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2]

---

[1] It appears that the crux of Plaintiff's argument is that he has a substantive due process right to good time credits.

[2] On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).³ Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing a Motion to Dismiss

Magistrate Judge Treece correctly recited the legal standard governing a motion to dismiss (Dkt. No. 17 at 6-7.) As a result, this standard is incorporated herein by reference in this Decision and Order.

### III. ANALYSIS

As an initial matter, Plaintiff failed to object to Magistrate Judge Treece's recommendation that his Fourteenth Amendment procedural due process claim and his Eighth Amendment claims be dismissed. As a result, the Court reviews these recommendation for clear error.

---

³ *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation, the Court concludes that Magistrate Judge Treece's recommendation of the dismissal of Plaintiff's Fourteenth Amendment procedural due process claim and Eighth Amendment claims is not clearly erroneous. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts Magistrate Judge Treece's recommendation that Plaintiff's Fourteenth Amendment procedural due process claim and Eighth Amendment claims be dismissed for the reasons stated therein. The Court would add only that these recommendations would survive even a *de novo* review.

With regard to Plaintiff's substantive due process claim, which was not addressed by Defendants' in their motion to dismiss or by Magistrate Judge Treece in his Report-Recommendation, the Court *sua sponte* finds that this claim should be dismissed for three reasons.

First, although Plaintiff makes clear in his Objections that he intended to assert a substantive due process claim in his Complaint, the factual allegations in the Complaint do not plausibly suggest a substantive due process claim against any named Defendant. This is because (1) the hearing officer, Eric Gutwein, is not a party to this action, and (2) to the extent that Plaintiff's good time credits were not reinstated when the hearing determination was reversed, Plaintiff has not named the individual in charge of reinstating his good time credits as a Defendant in this action.

Second, attached as Exhibit B to Plaintiff's Complaint is a letter from the Director of Special Housing/Inmate Disciplinary Program, which states that Plaintiff's "Superintendent's Hearing of April 21, 2009, has been . . . reversed . . . ." Although the letter is silent on the issue

6

of restoration of good time credits, Plaintiff has failed to allege facts plausibly suggesting that his good time credits were not restored as a result of the reversal of the disciplinary determination.

Third, even assuming that Plaintiff had alleged facts plausibly suggesting that his good time credits were not restored in conjunction with the reversal of the disciplinary determination, because "[a] prisoner's challenge to loss of good time credits affects the length of his sentence," the challenge "must be brought in a habeas petition, not in an action under § 1983. . . ." *Tribble v. Killian*, 632 F. Supp.2d 358, 360-61 (S.D.N.Y. 2009) (collecting cases).[4]

For each of these alternative reasons, the Court rejects Plaintiff's argument that his Complaint alleges facts plausibly suggesting a substantive due process claim.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part** in the following respects:

(1) Plaintiff's following claims are **DISMISSED**:

    (a)  Plaintiff's Fourteenth Amendment due process claims; and

    (b)  Plaintiff's Eighth Amendment claims; and

(2) Plaintiff's following claims survive Defendants' motion to dismiss:

    (a)  Plaintiff's First Amendment retaliation claim against Defendants Dirie and Trudell; and

---

[4] The Court need not, and does not, offer any opinion on the underlying issue of whether Plaintiff has, under the facts and circumstances of this case, a substantive due process right to his good time credits.

      (b) Plaintiff's supervisory liability claim against Defendant Behric;

and it is further

      **ORDERED** that Defendants shall electronically file and serve an answer as to the remaining claims of the complaint on or before **SEPTEMBER 24, 2010**, and a scheduling order shall be issued thereafter.

Dated: August 24, 2010
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge